Christopher Sproul (State Bar No. 126398)
Stuart Wilcox (State Bar No. 327726)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
(720) 331-0385
Facsimile: (415) 358-5695
Email: csproul@enviroadvocates.com
wilcox@enviroadvocates.com

Attorneys for Plaintiff
OUR CHILDREN'S EARTH FOUNDATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY<br><br>Defendant. | Civil Case No. 23-CV-4955<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

0

Plaintiff Our Children's Earth Foundation alleges as follows:

**INTRODUCTION**

1. The Clean Air Act is a model of cooperative federalism, whereby the Administrator ("Administrator" or "Administrator Regan") of the Environmental Protection Agency ("EPA") sets National Ambient Air Quality Standards ("NAAQS") and the states develop specific plans to achieve these standards. States submit these State Implementation Plans, and revisions to the State Implementation Plans (collectively "SIPs"), to the Administrator, who reviews the SIPs to ensure they meet the requirements of the Clean Air Act.

2. The Clean Air Act mandates that the Administrator fully or partially approve or disapprove SIPs submitted by states no later than 18 months after he receives them.

3. The Administrator has violated his mandatory 18-month deadline to take action on certain SIPs submitted by the States of Arizona, Colorado, New Mexico, and Utah (states that make up what is known as the "Four Corners" area in the southwestern United States).

4. Plaintiff Our Children's Earth Foundation brings this Clean Air Act citizen suit to compel Defendant Michael S. Regan, the current Administrator, to perform his non-discretionary duty to review and take action on the Arizona, Colorado, New Mexico, and Utah SIP submissions at issue in this case. The timely review of these SIP submissions is necessary to ensure adequate protection of air quality and public health.

**JURISDICTION**

5. This is an action against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under the Clean Air Act which is not discretionary with the Administrator. Thus, this Court has jurisdiction pursuant to 42 U.S.C. § 7604(a)(2) (citizen suit provision of the Clean Air Act) and 28 U.S.C. § 1331 (federal question).

6. The requested declaratory relief is authorized by 28 U.S.C. § 2201(a) and 42 U.S.C. § 7604(a). The requested injunctive relief is authorized by 28 U.S.C. § 2202 and 42 U.S.C. § 7604(a).

7. This Court has personal jurisdiction over EPA and its officials, including Administrator Regan, because EPA is an agency of the federal government operating within the United States.

**NOTICE**

8. By letter dated July 18, 2023, Our Children's Earth Foundation provided the Administrator with written notice of the claims concerning the Arizona, Colorado, New Mexico, and Utah SIP submissions in this action. Our Children's Earth Foundation provided this notice pursuant to 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2, 54.3. Although more than 60 days have elapsed since Our Children's Earth Foundation gave notice, Administrator Regan remains in violation of the law.

9. As Administrator Regan has failed to redress the Clean Air Act violations set forth in Our Children's Earth Foundation's notice letter referenced in paragraph 8, there exists now between the parties an actual, justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

**VENUE**

10. Venue in the United States District Court for the Northern District of California is proper under 28 U.S.C. § 1391(e) because at least one defendant resides in the judicial district, a substantial part of the events giving rise to this litigation occurred within this judicial district, Our Children's Earth Foundation resides within this judicial district, and there is no real property involved in the action.

**INTRADISTRICT ASSIGNMENT**

11. Intradistrict assignment of this matter to the San Francisco Division of the Court is appropriate pursuant to Civil Local Rules 3-2(c) and (d) because Our Children's Earth Foundation's principal place of business is located in Napa, California; Our Children's Earth Foundation's principal counsel resides in San Francisco County, California; EPA resides in this judicial district and maintains a major regional office, responsible for the Arizona SIP submissions at issue, in San Francisco, California; and a substantial part of the events or omissions giving rise to Our Children's Earth Foundation's claims occur in EPA's San Francisco, California office.

**THE PARTIES**

12. Plaintiff OUR CHILDREN'S EARTH FOUNDATION is a non-profit corporation based in Napa, California dedicated to protecting the environment. Our Children's Earth Foundation promotes public awareness of domestic and international environmental impacts through information

dissemination, education, and private enforcement of environmental protection statutes. Our Children's Earth Foundation enforcement cases aim to achieve public access to government information, ensure proper implementation of environmental statutes and permitting, and enjoin violations of environmental and government transparency laws. Our Children's Earth Foundation has an active membership of people from all over the United States with significant membership in Arizona, Colorado, New Mexico, and Utah.

13. Our Children's Earth Foundation is a non-profit corporation. Therefore, Our Children's Earth Foundation is a "person" within the meaning of 42 U.S.C. § 7602(e). As such, Our Children's Earth Foundation may commence a civil action under 42 U.S.C. § 7604(a).

14. Our Children's Earth Foundation brings this action on its own behalf and on behalf of its adversely affected members and staff. Our Children's Earth Foundation's members and staff live, work, bike, recreate, and/or conduct educational, research, advocacy, and other activities in Arizona, Colorado, New Mexico, and Utah in areas where air pollution, which should be regulated under the SIP submissions at issue in this case, harms their participation in and enjoyment of these activities. The air pollution that should be regulated by these SIPs also causes Our Children's Earth Foundation's members and staff to experience chronic and acute harms to their health, which could be lessened or eliminated if the Administrator took the required actions to regulate air pollution through the SIP submissions at issue in this case. Our Children's Earth Foundation's members and staff have concrete plans to continue living in and/or visiting Arizona, Colorado, New Mexico, and Utah and engaging in these activities. The air pollution that should be regulated by the SIP submissions at issue in this lawsuit adversely affects the interests of Our Children's Earth Foundation and its members and staff. The Administrator's failure to act on the SIP submissions at issue in this case also creates doubt and concern for Our Children's Earth Foundation and its members and staff as to whether they are exposed to illegal levels of air pollution, or whether a Federal Implementation Plan ("FIP") is necessary to ensure compliance with the law. The interests of Our Children's Earth Foundation and its members and staff have been, are being, and will continue to be irreparably harmed by the Administrator's failure to act on the SIP submissions at issue in this case.

15. The violations alleged in this Complaint deprive Our Children's Earth Foundation and its members and staff of certain procedural rights associated with the Administrator's required action on the SIP submissions, including notice and opportunity to comment. The violations alleged in this Complaint also deprive Our Children's Earth Foundation and its members and staff of certain information associated with the Administrator's required action on the SIP submissions. These procedural, informational, and other injuries are directly tied to the other harms Our Children's Earth Foundation and its members and staff are experiencing.

16. Furthermore, if the Administrator were to partially or fully disapprove of the SIP revisions at issue in this Complaint, the Administrator would be obligated to promulgate a FIP to correct any deficiencies within two years of any disapproval. Ultimately, the Administrator's failure to act in compliance with his mandatory duties deprives Our Children's Earth Foundation and its members and staff of certainty that air quality is being maintained and improved in Arizona, Colorado, New Mexico, and Utah and of the health and other benefits of that clean air.

17. The violations alleged in this Complaint have injured and continue to injure the interests of Our Children's Earth Foundation and its members and staff. These injuries are traceable to the Administrator's failure to act. Granting the requested relief would redress these injuries by compelling the Administrator to act in compliance with what Congress has determined is an integral part of the regulatory scheme for attaining and maintaining NAAQS.

18. Defendant MICHAEL S. REGAN is the Administrator of EPA. Mr. Regan is sued in his official capacity. The Administrator is charged with implementation and enforcement of the Clean Air Act. As described below, the Clean Air Act assigns the Administrator certain non-discretionary duties, and Administrator Regan has failed to comply with these duties.

## LEGAL BACKGROUND

19. The Clean Air Act establishes a partnership between EPA and the states for the attainment and maintenance of NAAQS. *See* 42 U.S.C. §§ 7401-7515. This system is intended to "speed up, expand, and intensify the war against air pollution in the United States with a view to assuring that the air we breathe throughout the Nation is wholesome once again." H.R. Rep. No. 91-1146, at 1 (1970),

*reprinted in* 1970 U.S.C.C.A.N. 5356, 5356. Towards this end, EPA has set NAAQS for seven pollutants. *See* 40 C.F.R. §§ 50.4-50.17.

20. States, or regions within a state, must adopt a pollution control plan that contains enforceable emissions limitations necessary to attain NAAQS and meet applicable requirements of the Clean Air Act, including ensuring attainment, maintenance, and enforcement of NAAQS. *See, e.g.,* 42 U.S.C. § 7410(a)(1), (a)(2)(A). All such plans must be submitted to and approved by the Administrator. 42 U.S.C. § 7410(a)(1), (k).

21. Within 60 days of the Administrator's receipt of a proposed SIP or SIP revision, the Clean Air Act requires the Administrator to determine whether the submission is sufficient to meet the minimum criteria established by the Administrator for such proposals. 42 U.S.C. § 7410(k)(1)(B). If the Administrator fails to make this "completeness" finding, the proposed SIP or SIP revision is deemed complete by operation of law six months after submission. *Id.* If the Administrator determines that the proposed SIP or SIP revision does not meet the minimum criteria, the State is considered not to have made the submission. *Id.* § 7410(k)(1)(C).

22. Within 12 months of finding that a proposed SIP or SIP revision is complete (or deemed complete by operation of law), the Administrator must act to approve, disapprove, or approve in part and disapprove in part, the submission. *See* 42 U.S.C. § 7410(k)(2). At most then, the Administrator has a maximum of 18 months to take action on a SIP after it has been submitted.

23. Once the Administrator approves a SIP or SIP revision, polluters must comply with all emission standards and limitations contained in the SIP, and all such standards and limitations become federal law and are enforceable by the Administrator and citizens in federal courts. *See* 42 U.S.C. §§ 7413, 7604(a).

24. If the Administrator finds that a State has failed to make a complete SIP submission or disapproves a SIP submission in whole or in part, the Clean Air Act requires the Administrator to promulgate a FIP within two years of that finding. 42 U.S.C. § 7410(c)(1)(A), (B).

25. If the Administrator fails to perform a non-discretionary duty, such as acting on a proposed SIP or SIP revision within the Clean Air Act deadlines, the Clean Air Act allows any person to bring suit to compel the Administrator to perform that duty. *See* 42 U.S.C. § 7604(a)(2).

## FACTUAL BACKGROUND

26. This lawsuit concerns SIP submissions that the States of Arizona, Colorado, New Mexico, and Utah submitted to the Administrator between October 16, 1989 and December 17, 2021. A list of these SIP submissions is included as Exhibit 1. The Administrator has not taken final action on any of these SIP submissions, and they are now all overdue.

27. The first column in Exhibit 1 contains the State Plan Electronic Collection System ("SPeCS") Review Page Name for the 32 SIP submissions at issue in this Complaint, which is a brief descriptive name used internally by EPA explaining the focus of the revision in the submission. SPeCS is the system through which EPA allows states to submit SIP revisions online and where EPA organizes, reviews, and tracks active SIP submissions.

28. The second column in Exhibit 1 contains the SPeCS Review Page identification numbers for the SIP submissions at issue in this Complaint. These are internal EPA tracking numbers used to identify various SIP submissions by unique number identifiers.

29. The third and fourth columns of Exhibit 1 provide the dates that Arizona, Colorado, New Mexico, and Utah submitted the SIPs to the Administrator and the Administrator's deadlines to take final action on the SIP submissions (no later than eighteen months from the submission dates).

30. As Exhibit 1 shows, all of the SIPs at issue in this lawsuit were submitted to the Administrator between October 16, 1989 and December 17, 2021.

31. All of the SIP submissions at issue in this lawsuit were deemed administratively complete no later than six months after submission. The Administrator was then required to take final agency action on all of the SIP submissions at issue in this lawsuit, approving, disapproving, or partially approving and partially disapproving of the submissions, within twelve months of their administrative completion date.

32. As Exhibit 1 shows, the dates by which the Administrator was required to take final action on all of the SIPs at issue in this lawsuit were between April 16, 1991 and June 16, 2023.

33. Each one of the Four Corners SIP submissions at issue in this lawsuit, listed in Exhibit 1, is still before the Administrator and is awaiting final action in accordance with the Clean Air Act. As of the filing of this Complaint, the Administrator has not granted and published final full or partial approval or disapproval to the Arizona, Colorado, New Mexico, and Utah SIP submissions referenced in Exhibit 1.

**FIRST CLAIM FOR RELIEF**
**Failure to Perform a Non-Discretionary Duty to Act**
**on the Arizona, Colorado, New Mexico, and Utah SIP Submittals**

34. Our Children's Earth Foundation repeats and incorporates by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

35. The Administrator received at least the 32 SIP submissions at issue in this Complaint from the States of Arizona, Colorado, New Mexico, and Utah between October 16, 1989 and December 17, 2021.

36. The Administrator determined by no later than six months after Arizona, Colorado, New Mexico, and Utah submitted these SIPs, either in fact or by operation of law, that the SIP submissions meet the minimum criteria for SIP submittals and are administratively complete. *See* 42 U.S.C. § 7410(k)(1)(A).

37. Therefore, the Administrator had, and continues to have, a mandatory duty to fully or partially approve or disapprove the Arizona, Colorado, New Mexico, and Utah SIP submissions by no later than 18 months after their submission, 12 months from their administrative completion date. *See* 42 U.S.C. § 7410(k)(2), (3).

38. The Administrator's determinations whether to fully or partially approve or disapprove of the Arizona, Colorado, New Mexico, and Utah SIP submissions were due between April 16, 1991 and June 16, 2023.

39. The Administrator has not fully or partially approved or disapproved the Arizona, Colorado, New Mexico, and Utah SIP submissions.

40. Accordingly, the Administrator has violated and continues to violate its mandatory duty in 42 U.S.C. § 7410(k)(2).

41. This violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," within the meaning of the Clean Air Act's citizen suit provision. *See* 42 U.S.C. § 7604(a)(2). The Administrator's violation is ongoing and will continue unless remedied by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A. Enter findings and declare that the Administrator has violated and continues to violate the Clean Air Act by failing to take final action on the Arizona, Colorado, New Mexico, and Utah SIP submissions detailed above;

B. Enjoin the Administrator to take final action on the Arizona, Colorado, New Mexico, and Utah SIP submissions detailed above by a date certain.

C. Retain jurisdiction over this matter until such time as the Administrator has complied with his non-discretionary duties under the Clean Air Act;

D. Grant Plaintiff's costs of litigation, including reasonable attorney fees, pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(d); and

E. Issue any other relief, including injunctive relief, which this Court deems necessary, just, or proper or relief that Plaintiff may subsequently request.

Dated: September 27, 2023         Respectfully submitted,

By:         */s/ Stuart Wilcox*
            Stuart Wilcox
            *Counsel for Our Children's Earth Foundation*